UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE KEEBLE,   Case No.
                   Hon.
    Plaintiff,

v.

DELTA AIRLINES, INC., a corporation, and
Individuals RASHAUN BAILEY, TERRENCE GODFREY,
RUSSEL WEIKLE, jointly and severally liable,

    Defendants.
_____/

**MILLER COHEN, PLC**
Richard G. Mack, Jr. (P58657)
Jacob S. Porcarelli (P87351)
*Attorneys for Plaintiff*
7700 Second Ave, Suite 335
Detroit, Michigan 48202
PH: (313) 964-4454
richardmack@millercohen.com
jporcarelli@millercohen.com
_____/

There is no other pending or resolved
civil action arising out of the same transaction
or occurrence as alleged in the complaint.

**COMPLAINT AND JURY DEMAND**

1

NOW COMES Plaintiff, MICHELLE KEEBLE, by and through her attorneys, MILLER COHEN, PLC, and for her Complaint against Defendants states as follows:

## INTRODUCTION

1. Plaintiff, Michelle Keeble, brings this action against her former employers, Delta Airlines, Inc., Rashaun Bailey, Terrence Godfrey, and Russel Wiekle, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and Michigan's Elliott Larsen Civil Rights Act, MCLA § 37.2101 *et seq.* Specifically, Plaintiff seeks redress for illegal retaliation and a race-based hostile work environment.

2. Plaintiff began working for Delta on or about February 2, 2022, as a Ramp Agent. Shortly thereafter, on or about July 4, 2022, Plaintiff was promoted to the Tool Room as a Tool Room Attendant. Plaintiff loved her job at Delta and planned to remain at Delta until she retired. In addition to being a committed employee, she was involved in many of Delta's extracurricular opportunities involving charity and morale boosting.

3. While working for Delta, Ms. Keeble came to understand that people of color were targeted due to the color of their skin. She initially made reports to managers Terrance Godfrey and Russel Weikle, but no remedial action was taken. Later, she reported the discrimination to her supervisor, Dave Boyd. A

couple of days later, she was called into a meeting with Defendants Weikle and Bailey and was criticized for the complaint she made. She was terminated shortly thereafter. As a result, Plaintiff suffered damages including lost wages and emotional distress. Plaintiff respectfully requests that this Honorable Court grant her all remedies available under federal law and state law, and make her whole in all regards.

## PARTIES, JURISDICTION, and VENUE

4. Plaintiff, Michelle Keeble, is a natural citizen domiciled in Detroit, Michigan.

5. Defendant Delta Airlines, Inc. ("Delta") is a foreign corporation incorporated under the laws of Delaware, with its principal place of business in Atlanta, Georgia.

6. Defendant Delta conducts business within the Eastern District of Michigan.

7. Defendant Rashaun Bailey is an agent of Defendant Delta.

8. Defendant Terrance Godfrey is an agent of Defendant Delta.

9. Defendant Russel Weikle is an agent of Defendant Delta.

10. Plaintiff is a "person" as defined in 42 U.S.C. § 2000e(a).

11. Defendant Delta is an "employer" as defined in 42 U.S.C. § 2000e(b).

12. Plaintiff is a "person" as defined in MCLA § 37.2103.

13. Defendants are "employers" as defined in MCLA § 27.2201.

14. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received her right-to-sue letter on December 20, 2024.

15. For the federal law claims, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

16. For the state law claims, this Court has supplemental jurisdiction pursuant to 29 U.S.C. § 1367.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the events in controversy took place within the Eastern District of Michigan.

18. All conditions precedent to file suit have been met.

## GENERAL ALLEGATIONS

19. Plaintiff realleges the preceding paragraphs and incorporates them herein.

20. Plaintiff began working for Defendant Delta on or around February 2, 2022, as a Ramp Agent.

21. Plaintiff was promoted to Tool Room Attendant on or around July 4, 2022.

22. While Plaintiff worked in the Tool Room, Dave Boyd held the position of Lead and acted as Plaintiff's supervisor.

23. Plaintiff understood there to be a pattern in the Tool Room where employees of color were unfairly targeted by white employees.

24. Plaintiff brought this issue up with Manager Terrance Godfrey and Shift Manager Russel Weikle, but both failed to address and eliminate the discriminatory behavior.

25. In March 2023, Plaintiff spoke to her supervisor, Dave Boyd, and told him that a white coworker, who has a pattern of targeting employees of color, was not treating her fairly.

26. Plaintiff told Dave Boyd that she felt like the people of color were being blamed.

27. She asked Dave Boyd if she could state how she was really feeling, and he said yes. This prompted her to further state that she felt like she was being treated like an uneducated Negro.

28. A couple of days after the meeting with Dave Boyd, Plaintiff met with Defendants Weikle and Bailey regarding the statements made to Dave Boyd.

29. After the meeting with Mr. Wilke and Mr. Bailey, Plaintiff was suspended.

30. Defendant Delta officially terminated Plaintiff on May 10, 2023.

## COUNT I
## TITLE VII – RETALIATION
## AGAINST DEFENDANT DELTA

31. Plaintiff realleges the preceding paragraphs and incorporates them herein.

32. Plaintiff engaged in protected activity when she reported discriminatory behavior to Dave Boyd.

33. Shortly after Plaintiff engaged in protected activity, Defendant Delta terminated Plaintiff's employment.

34. There is a causal connection between Plaintiff's complaints to Dave Boyd and her termination.

35. Defendant Delta's behavior would dissuade any reasonable employee from reporting discriminatory and illegal behavior.

36. Defendant Delta's conduct violates 42 U.S.C. § 2000e-3(a).

## COUNT II
## TITLE VII – HOSTILE WORK ENVIRONMENT
## AGAINST DEFENDANT DELTA

37. Plaintiff realleges the preceding paragraphs and incorporates them herein.

38. Plaintiff was discriminated against and harassed on the basis of her race by coworkers in the Tool Room.

39. Plaintiff viewed her coworker's conduct as severe and pervasive.

6

40. A reasonable person would find the conduct as hostile or abusive.

41. Defendant Delta was on notice of the harassment and failed to take prompt remedial action.

42. Defendant Delta's conduct violates 42 U.S.C. § 2000e-2(a).

## COUNT III
## MICHIGAN ELCRA – RETALIATION
## AGAINST ALL DEFENDANTS

43. Plaintiff realleges the preceding paragraphs and incorporates them herein.

44. Plaintiff engaged in protected activity when she reported discriminatory behavior to her supervisor, Mr. Boyd.

45. Shortly after Plaintiff engaged in protected activity, Defendant Delta terminated Plaintiff's employment.

46. There is a causal connection between Plaintiff's complaints to Mr. Boyd and her termination.

47. Defendants' behavior would dissuade any reasonable employee from reporting discrimination and illegal behavior.

48. Defendants' conduct violates MCLA § 37.2702(a).

## COUNT IV
## MICHIGAN ELCRA – HOSTILE WORK ENVIRONMENT
## AGAINST DEFENDANT DELTA

49. Plaintiff realleges the preceding paragraphs and incorporates them herein.

7

50. Plaintiff was discriminated against on the basis of her race by her coworkers.

51. The comments were unwelcome and tainted the work environment.

52. Defendant Delta was on notice of the harassment and failed to take prompt remedial action.

53. Defendant Delta's conduct violates MCLA § 37.2702(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Honorable Court grant her all available compensatory and punitive damages; grant Plaintiff's attorney fees and costs; and grant all such further relief available under Title VII of the Civil Rights Act of 1964, Michigan's Elliott Larsen Civil Rights Act, any other such relief as would be fair and equitable under the circumstances.

[Signature Block on Next Page]

          Respectfully submitted,

          **MILLER COHEN, PLC**

          /s/ *Richard G. Mack, Jr.*
          Richard G. Mack, Jr. (P58657)
          Jacob S. Porcarelli (P87351)
          *Attorneys for Plaintiff*
          7700 Second Ave, Suite 335
          Detroit, Michigan 48202
          PH: (313) 964-4454
          richardmack@millercohen.com
          jporcarelli@millercohen.com

Dated: March 19, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE KEEBLE,                         Case No.
                                         Hon.
    Plaintiff,

v.

DELTA AIRLINES, INC., a corporation, and
Individuals RASHAUN BAILEY, TERRENCE GODFREY,
RUSSEL WEIKLE, jointly and severally liable,

    Defendants.
_____/
**MILLER COHEN, PLC**
Richard G. Mack, Jr. (P58657)
Jacob S. Porcarelli (P87351)
*Attorneys for Plaintiff*
7700 Second Ave, Suite 335
Detroit, Michigan 48202
PH: (313) 964-4454
richardmack@millercohen.com
jporcarelli@millercohen.com
_____/

## **DEMAND FOR TRIAL BY JURY**

NOW COMES, Plaintiff, MICHELLE KEEBLE, by and through her attorneys, MILLER COHEN, P.L.C, and hereby demands a trial by jury, for all issues so triable.

10

        Respectfully submitted,

        **MILLER COHEN, PLC**

        */s/ Richard G. Mack, Jr.*
        Richard G. Mack, Jr. (P58657)
        Jacob S. Porcarelli (P87351)
        7700 Second Ave, Suite 335
        Detroit, MI 48202
        PH: (313) 964-4454
        richardmack@millercohen.com
        jporcarelli@millercohen.com

Dated: March 19, 2025